UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YANKO CRUZ,
and other similarly situated individuals,

     Plaintiff (s),

v.

AEROWAYS STAFFING SERVICES INC,
PROFESSIONAL OCEAN SERVICE CORP.,
ANJA CONSTRUCTION AND DESIGN CORP.,
ANTONIO C. HESPANHOL, and
JANETTE SUAREZ, individually

     Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b)

     COMES NOW the Plaintiff YANKO CRUZ and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., ANJA CONSTRUCTION AND DESIGN CORP., ANTONIO C. HESPANHOL, and JANETTE SUAREZ  individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff YANKO CRUZ is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff was a covered employee for purposes of the Act.

3. Corporate Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP., are Florida for Profit Corporations doing business in Dade County, within the jurisdiction of this Court. At all times material hereto, Defendants were and are engaged in interstate commerce.

4. The individual Defendants ANTONIO C. HESPANHOL, and JANETTE SUAREZ were and are now the owners/partners/officers and managers of Defendant Corporations AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. Defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. Pursuant to 29 C.F.R. §791.2, Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. are joint employers of Plaintiff.

6. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants overtime compensation liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after October 2018, (the "material time") without being compensated pursuant to the FLSA.

8. Corporate Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. are Florida corporations performing business in Miami-Dade County.

9. Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. were joint employers of Plaintiff because: 1) these companies through their owners/partners/managers ANTONIO C. HESPANHOL, and JANETTE SUAREZ had equal and absolute control over the Plaintiff and other employees similarly situated; 2) ANTONIO C. HESPANHOL, and JANETTE SUAREZ assigned duties and paid to Plaintiff and other employees similarly situated; 3) AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP., through their owners/managers ANTONIO C. HESPANHOL, and JANETTE SUAREZ, jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) the work of Plaintiff's simultaneously benefited the three

corporations; 5) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. 6) Plaintiff regularly was paid with checks from the three companies.

10. Therefore, because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all the Defendants and directly or indirectly furthered their joint interest, Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP., are joint employers as defined in 29 C.F.R. §791.2.

11. Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP., hereinafter will be called AEROWAYS STAFFING, or corporate Defendant collectively.

12. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempted duties as janitors and aircraft cleaning employees (the "asserted class"), in furtherance of the business of Defendants, and who were not paid minimum wages and/or worked in excess of forty (40) hours during one or more workweeks within the material time.

13. Corporate Defendant AEROWAYS STAFFING is a service contractor or subcontractor providing janitorial and ramp services at Miami International Airport.

14. Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ employed Plaintiff YANKO CRUZ as a janitor from approximately August

2016, through October 14, 202, or more than five years. However, for FLSA purposes, Plaintiff's relevant employment period is 155 weeks.

15. Plaintiff had duties as a janitor cleaning aircraft and offices.

16. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of the Defendants.

17. Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week. During the relevant period, Plaintiff was paid, or it was supposed to be paid at the Prevailing Living Wage Rate established under County Code Section 2-8.9. At the time of his termination, Plaintiff had a wage rate of $ 17.43 an hour.

18. While employed by the Defendants, Plaintiff had a very regular schedule, and within his relevant time of employment, Plaintiff worked as follows:

19.  1.- From October 27, 2018, to approximately April 03, 2021, or 127 weeks, Plaintiff worked 7 days per week. From Monday to Friday, Plaintiff worked from 8:00 AM to 4:00 PM (8 hours daily). On Saturdays and Sundays, Plaintiff worked from 11:00 AM to 7:00 PM (8 hours each day). During the week, Plaintiff completed 56 on-the-clock hours. Plaintiff did not take bonafide lunch periods.

20. Additionally, every day Plaintiff was required to work a minimum of 8 off-the-clock hours.  Defendants demanded Plaintiff to complete different tasks before and after he clocked-in or clocked out. These 8 off-the-clock hours constitute 8 unpaid overtime hours per week.

21. Thus, within the relevant time of employment, Plaintiff worked 127 weeks, 64 hours weekly.

22. 2.- From approximately April 04, 2021, to October 14, 2021, or 28 weeks, Plaintiff continued working the same schedule or 64 hours weekly on the Jobsite.

23. However, in this period, Plaintiff was promoted to Supervisor.  As a Supervisor, Plaintiff maintained the same janitorial duties. He did the same work as any regular janitor and was paid the same wage rate. The only change for Plaintiff was a more significant workload and additional responsibilities. Plaintiff went home, and he had to complete work-related paperwork and reports.  Plaintiff worked at home a minimum of 7 hours daily, 7 days per week,  or 49 hours weekly. These 49 hours constitute 49 additional unpaid overtime hours. Plaintiff was not compensated for these working hours at any rate, not even at the minimum wage rate.

24. Thus, within the relevant time of employment, Plaintiff worked as a lead janitor for 28 weeks with a total of 113 hours weekly.

25. Every week Plaintiff was paid wages corresponding to 40 regular hours plus a few overtimes hours.  The remaining hours were not paid to Plaintiff at any rate, not even the minimum wage rate, as required by law.

26. While employed with Defendants Plaintiff and other similarly situated individuals in the asserted class regularly worked overtime hours (hours in excess of forty (forty) per workweek referred herein as "overtime hours") and were not paid overtime compensation at the rate of one-half of their regular rate of pay (the "overtime rate"), for all of the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit and pay for overtime hours actually worked, among other violations of the FLSA.

27. Plaintiff and other similarly situated individuals did not clock in and out. Still, they signed timesheets, and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, the Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff and other similarly situated individuals were paid bi-weekly without paystubs or payroll records showing basic information about the job title and classification; the actual number of days worked every week; the number of hours worked each day; the gross wages earned and deductions made; annual wages paid; a record of fringe benefit payments including contributions to approved plans, etc.

30. Plaintiff was not in agreement with the lack of payment for overtime hours, and he complained to the owners of the business ANTONIO C. HESPANHOL and JANETTE SUAREZ. Plaintiff complained about the excessive number of hours worked at home and requested to be paid for overtime hours multiple times.

31. More recently, on or about October 11, 2021, Plaintiff complained to ANTONIO C. HESPANHOL about the same issues. This time ANTONIO C. HESPANHOL told Plaintiff that the accountant made a mistake.

32. As a direct result of Plaintiff's complaints, on or about October 14, 2021, ANTONIO C. HESPANHOL fired Plaintiff.

33. Plaintiff is not in possession of time and payment records, and he never had access to check his working hours, but he will provide a good faith estimate about his unpaid

overtime hours. After proper discovery, the Plaintiff will amend his statement of claim to deduct any payment received for overtime hours.

34. Plaintiff YANKO CRUZ seeks to recover unpaid overtime wages that never were paid to him at the mandatory rate of time and a half his regular rate, liquidated damages, retaliatory damages, and any other relief as allowable by law.

35. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to the recovery of reasonable attorney's fees and costs.

<u>COUNT I:</u>
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

36. Plaintiff YANKO CRUZ re-adopts every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

37. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States. Employer/Defendant employs more than two employees affecting interstate commerce. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

38. Plaintiff was employed by an enterprise engaged in interstate commerce, and his work for the Employer/Defendant likewise affected interstate commerce. Plaintiff was a

janitorial employee who regularly provided janitorial services to enterprises engaged in interstate commerce. In addition, Plaintiff handled/worked on goods and/or materials that were moved across State lines at any time during the business. Thus, Plaintiff is a covered employee for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

39. Corporate Defendant AEROWAYS STAFFING is a service contractor or subcontractor providing janitorial and ramp services at Miami International Airport.

40. Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ employed Plaintiff YANKO CRUZ as a janitor from approximately August 2016, through October 14, 202, or more than 5 years. However, for FLSA purposes, Plaintiff's relevant employment period is 155 weeks.

41. Plaintiff had duties as a janitor cleaning aircraft and offices.

42. Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week. During the relevant period, Plaintiff was paid, or it was supposed to be paid at the Prevailing Living Wage Rate established under County Code Section 2-8.9. At the time of his termination, Plaintiff had a wage rate of $ 17.43 an hour.

43. While employed by the Defendants, Plaintiff had a very regular schedule, and within his relevant time of employment, Plaintiff worked as follows:

44. 1.- From October 27, 2018, to approximately April 03, 2021, or 127 weeks, Plaintiff worked 7 days per week 56 on-the-clock hours. Plaintiff did not take bonafide lunch periods.

45. Additionally, every day Plaintiff was required to work a minimum of 8 off-the-clock hours. Defendants demanded Plaintiff to complete different tasks before and after he

clocked-in or clocked out. These 8 off-the-clock hours constitute 8 unpaid overtime hours.

46. Thus, within the relevant time of employment, Plaintiff worked 127 weeks, a total of 64 hours weekly.

47. 2.- From approximately April 04, 2021, to October 14, 2021, or 28 weeks, Plaintiff continued working the same schedule or 64 hours weekly on the Jobsite.

48. However, in this period, Plaintiff was promoted to Supervisor.  As a Supervisor, Plaintiff maintained exactly the same janitorial duties, he did the same work as any regular janitor, and was paid the same wage rate. After his regular shift,  Plaintiff worked at home a minimum of 7 hours daily, 7 days per week,  or 49 hours weekly. These 49 hours constitute 49 additional unpaid overtime hours. Plaintiff was not compensated for these working hours at any rate, not even at the minimum wage rate.

49. Thus, within the relevant time of employment, Plaintiff worked as a lead janitor for 28 weeks with a total of 113 hours weekly.

50. Every week Plaintiff was paid wages corresponding to 40 regular hours plus a few overtimes hours.  The remaining hours were not paid to Plaintiff at any rate, not even the minimum wage rate, as required by law.

51. While employed with Defendants Plaintiff and other similarly situated individuals in the asserted class regularly worked overtime hours (hours in excess of forty (forty) per workweek referred herein as "overtime hours") and were not paid overtime compensation at the rate of one-half of their regular rate of pay (the "overtime rate"), for all of the overtime hours worked, based in part upon Defendants' custom and

practice of failing to credit and pay for overtime hours worked, among other violations of the FLSA.

52. Plaintiff and other similarly situated individuals did not clock in and out. Still, they signed timesheets, and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

53. Therefore, the Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

54. Plaintiff and other similarly situated individuals were paid bi-weekly without paystubs or payroll records showing basic information about the job title and classification; the actual number of days worked every week; the number of hours worked each day; the gross wages earned and deductions made; annual wages paid; a record of fringe benefit payments including contributions to approved plans, etc.

55. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.  Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

56. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, he will provide a good faith estimate of unpaid overtime wages based on his best knowledge. Plaintiff will adjust his statement of claim according to discovery.

57. *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Plaintiff is subjected to the minimum wages of the Dade County Prevailing Living Wage Rate established under County Code Section 2-8.9., which is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid O/T wages</u>:

One Hundred Thirty Thousand Seven Hundred Fifty-Two Dollars and 08/100 ($130,752.08)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  155 weeks
Total relevant number of weeks: 155 weeks

**1.- <u>Unpaid O/T from October 27, 2018, to approximately April 03, 2021, or 127 weeks</u> = $77,240.16**
Total relevant weeks: 127 weeks
Total number of hours worked: 64 hours weekly
Total O/T hours: 24 O/T hours

i. O/T from October 27, 2018, to September 30, 2019=48 weeks

Total relevant weeks: 48 weeks
Total hours worked: 64 hours weekly
Total unpaid O/T hours: 24 O/T hours weekly
Regular rate: $16.40 x 1.5=$24.60 O/T rate

O/T rate $24.60 x 24 hours= $590.40 x 48 weeks= $28,339.20

ii. O/T from October 01, 2019, to September 30, 2020=52 weeks

Total relevant weeks: 52 weeks
Total hours worked: 64 hours weekly
Total unpaid O/T hours: 24 O/T hours weekly
Regular rate: $17.06 x 1.5=$25.59 O/T rate

O/T rate $25.59 x 24 hours= $614.16 x 52 weeks= $31,936.32

iii. O/T from October 01, 2020, to April 03, 2021=27 weeks

Total relevant weeks: 27 weeks
Total hours worked: 64 hours weekly

Total unpaid O/T hours: 24 O/T hours weekly
Regular rate: $17.45 x 1.5=$26.18 O/T rate

O/T rate $26.18 x 24 hours= $628.32 x 27 weeks= $16,964.64

**2.- Unpaid O/T from April 04, 2021 to October 14, 2021, or 28 weeks= $53,511.92**

Total relevant weeks: 28 weeks
Total hours worked: 113 hours weekly
Total unpaid O/T hours: 73 O/T hours weekly
Regular rate: $17.45 x 1.5=$26.18 O/T rate

O/T rate $26.18 x 73 O/T hours= $1,911.14 x 28 weeks= $53,511.92

Total #1 and #2: $130,752.08

a.  Nature of wages:

This amount represents unpaid minimum wages at Dade County Prevailing Living Wage Rate.

58. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

59. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

60. At times mentioned, individual Defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ were the owners and managers of AEROWAYS STAFFING. Defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ were the

employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of AEROWAYS STAFFING in relation to their employees, including Plaintiff and others similarly situated. Accordingly, defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

61. Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ willfully and intentionally refused to pay Plaintiff YANKO CRUZ overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

62. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to his last day of employment.

63. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff YANKO CRUZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff YANKO CRUZ and other similarly situated and against the Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ, based on Defendants' willful violations of the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff YANKO CRUZ and those similarly situated demand trial by a jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</u>**
**<u>RETALIATION; AGAINST ALL DEFENDANTS</u>**

64. Plaintiff YANKO CRUZ re-adopts every factual allegation stated in paragraphs 1-35 of this Complaint as if set out in full herein.

65. At all times pertinent to this Complaint, Defendants AEROWAYS STAFFING was an enterprise engaged in interstate commerce or the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce, and the annual gross sales volume of the corporate Defendants was more than $500,000.00 per annum. Therefore, there is FLSA enterprise coverage.

66. Plaintiff was employed by an enterprise engaged in interstate commerce, and his work for the Employer/Defendant likewise affected interstate commerce.  Plaintiff was a janitorial employee who regularly provided janitorial services to enterprises engaged in interstate commerce. In addition, Plaintiff handled/worked on goods and/or materials that were moved across State lines at any time during the business.  Therefore, there is FLSA individual coverage.

67. Because of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

68. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

69. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

70. Defendant AEROWAYS STAFFING was subjected to the provisions of the Fair Labor Standards Act.

71. Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ employed Plaintiff YANKO CRUZ as a janitor from approximately August 2016, through October 14, 202, or more than 5 years. However, for FLSA purposes, Plaintiff's relevant employment period is 155 weeks.

72. Plaintiff had duties as a janitor cleaning aircraft and offices.

73. Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week. During the relevant period, Plaintiff was paid, or it was supposed to be paid at the Prevailing Living Wage Rate established under County Code Section 2-8.9. At the time of his termination, Plaintiff had a wage rate of $ 17.43 an hour.

74. While employed by the Defendants, Plaintiff had a very regular schedule, and within his relevant time of employment, Plaintiff worked as follows:

75. 1.- From October 27, 2018, to approximately April 03, 2021, or 127 weeks, Plaintiff worked 7 days per week 56 on-the-clock hours. Plaintiff did not take bonafide lunch periods.

76. Additionally, every day Plaintiff was required to work a minimum of 8 off-the-clock hours.  Defendants demanded Plaintiff to complete different tasks before and after he clocked in or clocked out. These 8 off-the-clock constitute 8 unpaid overtime hours.

77. Thus, within the relevant time of employment, Plaintiff worked 127 weeks of 64 hours weekly.

78. 2.- From approximately April 04, 2021, to October 14, 2021, or 28 weeks, Plaintiff continued working the same schedule or 64 hours weekly on the Jobsite.

79. However, in this period, Plaintiff was promoted to Supervisor.  As a Supervisor, Plaintiff maintained exactly the same janitorial duties. He did the same work as any regular janitor and was paid the same wage rate. After his regular shift,  Plaintiff worked at home a minimum of 7 hours daily, 7 days per week,  or 49 hours weekly. These 49 hours constitute 49 additional unpaid overtime hours. Plaintiff was not compensated for these working hours at any rate, not even at the minimum wage rate.

80. Thus, within the relevant time of employment, Plaintiff worked as a lead janitor for 28 weeks with a total of 113 hours weekly.

81. Every week Plaintiff was paid wages corresponding to 40 regular hours plus a few overtimes hours. The remaining hours were not paid to Plaintiff at any rate, not even the minimum wage rate, as required by law.

82. While employed with Defendants, Plaintiff regularly worked many overtime hours. Still, he was not paid overtime compensation at the rate of time and one-half his regular pay rate for all of the overtime hours worked.

83. Plaintiff did not clock in and out, but he signed timesheets, and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

84. Therefore, Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

85. Plaintiff and other similarly situated individuals were paid bi-weekly without paystubs or payroll records showing basic information about the job title and classification; the actual number of days worked every week; the number of hours worked each day; the gross wages earned and deductions made; annual wages paid; a record of fringe benefit payments including contributions to approved plans, etc.

86. Plaintiff was not in agreement with the lack of payment for overtime hours, and he complained to the owners of the business ANTONIO C. HESPANHOL and JANETTE

SUAREZ. Plaintiff complained about the excessive number of hours worked at home and requested to be paid for overtime hours multiple times.

87. More recently, on or about October 11, 2021, Plaintiff complained to ANTONIO C. HESPANHOL about the same issues. This time ANTONIO C. HESPANHOL told Plaintiff that the accountant made a mistake.

88. These complaints about unpaid overtime hours constituted protected activity under the Fair Labor Standards Act.

89. However, as a direct result of Plaintiff's complaints, on or about October 14, 2021, the owner of the business, ANTONIO C. HESPANHOL, fired Plaintiff.

90. At all times during his employment, Plaintiff performed his work satisfactorily, and there was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

91. The termination of Plaintiff YANKO CRUZ by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment, in violation of Federal Law.

92. Moreover, Plaintiff's termination came just immediately after Plaintiff participated in protected activity.

93. At times mentioned, individual Defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ were the owners and managers of AEROWAYS STAFFING. Defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of AEROWAYS STAFFING in relation to

their employees, including Plaintiff and others similarly situated. Defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

94. Defendants AEROWAYS STAFFING and ANTONIO C. HESPANHOL AND JANETTE SUAREZ willfully and maliciously retaliated against Plaintiff by engaging in retaliatory actions that were materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

95. The motivating factor which caused Plaintiff YANKO CRUZ to be fired, as described above, was his Complaint seeking overtime wages from the Defendants.  In other words, Plaintiff would not have been fired but for his Complaint about overtime wages.

96. The Defendants' adverse actions against Plaintiff YANKO CRUZ were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

97. Plaintiff YANKO CRUZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff YANKO CRUZ respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff YANKO CRUZ by Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants AEROWAYS STAFFING and ANTONIO C. HESPANHOL, and JANETTE SUAREZ awarding Plaintiff liquidated damages in

an amount equal to the amount awarded as consequential damages;

C.  For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D.  Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

F.  Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable as per 29 U.S.C. 216(b).

<u>JURY DEMAND</u>

Plaintiff YANKO CRUZ and demands trial by jury of all issues triable as of right by a jury

DATED: November 16, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*